IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHNNIE GRAVES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:13-CV-2626-N |
| § | |
| JPMORGAN CHASE BANK, N.A., § | |
| § | |
| Defendant. § | |

**ORDER**

This Order addresses Defendant JPMorgan Chase Bank, N.A.'s ("JPMC") motion to dismiss [Doc. 4] ("JPMC Mot."). The Court grants the motion.

**I. THE MORTGAGE DISPUTE**

This case involves the mortgage on a home purchased by Plaintiff Johnnie Graves in 2003 (the "Property"). To purchase the home, Graves executed a promissory note (the "Note") with Texas Residential Mortgage, L.P. The Note was secured by a Deed of Trust (the "Deed"), which named the Mortgage Electronic Registration System ("MERS") as the beneficiary. MERS subsequently assigned the Deed to JPMC, and JPMC contacted Graves to inform him of the assignment. Some time thereafter, Graves defaulted on the mortgage. JPMC sold the home at a foreclosure sale in December 2012. JPMC then began proceedings to evict Graves from the property.

Graves filed suit in the 101st District Court of Dallas County, alleging that JPMC lacked the authority to foreclose on the home and asserting claims for (1) violations of the

federal Fair Debt Collection Practices Act ("FDCPA"),[1] (2) common law fraud, (3) wrongful foreclosure, (4) wrongful eviction, and (5) trespass to real property. Graves seeks damages, injunctive relief, declaratory relief, and an accounting. JPMC removed to this Court and now moves to dismiss Graves's claims.

## II. STANDARD FOR DISMISSAL

When faced with a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

---

[1]15 U.S.C. §§ 1692c–1692g.

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, a "court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, a "written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "[t]he district court took appropriate judicial notice of publically-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

### III. GRAVES'S UNDERLYING LEGAL THEORIES LACK MERIT

Graves's primary contention in his petition is that the assignment of the Deed to JPMC was flawed and JPMC thus lacked authority to foreclose. Specifically, Graves argues that (1) JPMC does not possess both the Note and the Deed; (2) the assignment of the Deed to JPMC was not recorded in Dallas County Property Records; and (3) Graves never received notice that JPMC was the mortgage servicer. Each of these arguments fails for the reasons that follow.

#### A. *JPMC Does Not Need to Hold the Note*

Graves argues that the assignment is invalid because JPMC does not possess the original signed Note *and* the Deed, which were improperly bifurcated by MERS. *See* Pet. [1-1] ¶¶ 4, 22, 23. This interpretation of the law is flawed. The Fifth Circuit has held that a party foreclosing under a deed of trust need not possess the corresponding note. *See, e.g.*, *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 252–56 (5th Cir. 2013); *Casterline v. OneWest Bank, F.S.B.*, 2013 WL 3868011, at *2 (5th Cir. 2013) (unpub. and per curiam) (rejecting the argument that "splitting the [Deed] from the underlying Note, and separately assigning them, rendered the mortgage unenforceable"). Under Texas law, notes and deeds of trust impose separate obligations and afford distinct remedies. *Bierwirth v. BAC Home Loans Servicing, L.P.*, 2012 WL 3793190, at *3 (Tex. App. – Austin 2012, no pet.) (citing *Stephens v. LPP Mortg.*, 316 S.W.3d 742, 747 (Tex. App. – Austin 2010, pet. denied)). Thus, "a lien creditor may pursue foreclosure of a lien against real property under the deed of trust independent of any personal action against the borrower for collection on

the note." *Id.* (citations omitted). Because JPMC does not need to hold both the Note and Deed to foreclose, the fact that JPMC has not produced an original, wet-ink copy of the Note is irrelevant to JPMC's standing to foreclose on the Property.

### B. The Assignment is Valid Even if Unrecorded

Graves also alleges that JPMC never recorded the assignment of the Deed in the Dallas County Property Records. *See* Pet. ¶¶ 11, 14–15. Thus, Graves argues that JPMC cannot foreclose on the property. However, the assignment is enforceable regardless of whether JPMC recorded it.[2] This Court has previously held that, under the Texas Property Code, "the recordation [of an assignment] does not affect the validity of the transfer of interest." *See Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 857–61 (N.D. Tex. 2013); *see also* TEX. PROP. CODE § 13.001(b). "[R]ecordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments." *Cervantes v. U.S. Bank, N.A.*, 2012 WL 1605558, at *3 (N.D. Tex. 2012) (citation omitted). JPMC thus still has standing to foreclose even if it failed to record the assignment.

### C. JPMC is Mortgagee of the Loan

Finally, Graves alleges that he did not receive notice that he was to remit payments to JPMC, *see* Pl.'s Resp. to Def.'s Mot. Dismiss [12] ("Resp.") 3, though he did receive

---

[2] JPMC contests this claim and provides documentation showing that it did record the assignment. *See* JPMC Mot., App. [6-1] 10. In deciding a motion to dismiss, the Court may refer to matters of public record. *Cinel*, 15 F.3d at 1343 n.6. But because JPMC does not need to record the assignment to foreclose, the Court does not address the factual dispute here.

notice that JPMC had replaced MERS as the mortgagee on the loan, *see* Pet. ¶ 11.³ For this reason, Graves argues that JPMC does not qualify as a "mortgage servicer" under the Texas Property Code and therefore lacks standing to foreclose. *See id.* (citing TEX. PROP. CODE § 51.001(3) (defining "mortgage servicer" as "the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument")).

In so pleading, Graves conflates a "mortgage servicer" of a loan with a "mortgagee." While a "mortgage servicer" is defined by whether it gave notice to the debtor, a "mortgagee" is defined by its ownership interest. Specifically, a mortgagee is "the grantee, beneficiary, owner, or holder of a security instrument," or, "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." TEX. PROP. CODE § 51.0001(4).⁴ It is undisputed that MERS was the original beneficiary

---

³Graves also alleges that the assignment was flawed because he never received notice that the *Note* had been assigned to JPMC. *See* Resp. 3. As discussed in Section III.B, JPMC does not need to possess the Note and the Deed to foreclose. Thus, it is irrelevant whether JPMC provided Graves with notice of the Note's assignment.

⁴Once again, the Court need not consider whether JPMC recorded the assignment. In interpreting section 51.0001(4) of the Texas Property Code, the Fifth Circuit has concluded that it "matters not that the Texas Property Code defines '*mortgagee*' to include 'the last person to whom [the deed of trust] has been assigned *of record*,' as this definition is not exhaustive and applies only '*if* the [deed of trust] has been assigned of record.' The definition of 'mortgagee' also includes 'the grantee, beneficiary, *owner*, *or holder* of [the deed of trust],' a definition broad enough to accommodate assignees who fail to record." *Reinagel v. Deutsche Bank Nat. Trust Co.*, 2013 WL 5832812, at *4 n.25 (5th Cir. 2013) (alterations in original) (citations omitted).

of the Deed, *see* Pet. ¶ 10, and thus was the original mortgagee. When MERS assigned its interest to JPMC, JPMC became the mortgagee of the loan. "Texas law allows either a mortgagee or a mortgage servicer to administer a deed of trust foreclosure . . . ." *Iacobucci v. Wells Fargo, N.A.*, 2013 WL 6061343, at *4 (N.D. Tex. 2013); *see also Crear v. JP Morgan Chase Bank N.A.*, 2011 WL 1129574, at *1 n.1 (5th Cir. 2011) (unpub. and per curiam) (citing TEX. PROP. CODE §§ 51.002, 51.0025). Thus, Graves fails to establish that JPMC lacks authority to enforce the mortgage through foreclosure.

### III. THE COURT GRANTS JPMC'S MOTION

#### A. *The Fair Debt Collection Practices Act Does Not Apply to JPMC*

The FDCPA applies to "debt collectors," defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector," however, "does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), *reh'g granted in part on other grounds*, 761 F.2d 237 (5th Cir. 1985); *see also* 15 U.S.C. § 1692a(6)(F); *Wiggins v. Wells Fargo & Co.*, 2010 WL 342246, at *3 (N.D. Tex. 2010) (Godbey, J., adopting findings and recommendation of Kaplan, Mag. J.); *Marketic v. U.S. Bank, Nat'l Ass'n*, 436 F. Supp. 2d 842, 854 (N.D. Tex. 2006) (Buchmeyer, J.) (finding that

the FDCPA did not apply to U.S. Bank because its "principal business activity is not debt collection").

Graves alleges that JPMC violated the FDCPA by failing to provide Graves with certain notices regarding the mortgage. *See* Pet. ¶¶ 33–34. But Graves fails to allege facts showing that JPMC is a debt collector under the FDCPA.[5] Though Graves argues that he defaulted on the loan "due to Defendant's action in delaying the review and approval or denial of the loan modification review," he does not allege that he was in default *before* JPMC acquired the loan. *See* Resp. 5. JPMC, as an assignee of a nondefaulted debt, is not a debt collector under the FDCPA and cannot be liable under the statute. The Court therefore dismisses Graves's FDCPA claims.

### B. Graves Has Not Stated a Fraud Claim

There are four elements to a fraud claim: (1) the defendant made a material misrepresentation; (2) the defendant knew the representation was false or made the representation recklessly without any knowledge of its truth; (3) the defendant made the representation with the intent that the other party would act on that representation or intended to induce the party's reliance on the representation; and (4) the plaintiff suffered an injury by actively and justifiably relying on that representation. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 217 (Tex. 2011). Moreover, "[i]n alleging fraud or mistake, a party

---

[5]Graves cites the Texas Finance Code and the Texas Debt Collection Act's definitions of "debt collector." *See* Resp. 5. As Graves asserts a claim under the *Federal* Debt Collection Practices Act, the Texas standards are inapplicable here.

must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In the Fifth Circuit, a plaintiff satisfies Rule 9(b) by pleading "'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (alteration in original) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)). In effect, Rule 9(b) requires a plaintiff to state "the who, what, when, where, and how" of alleged fraud. *Id.* at 179.

To support his claim for fraud, Graves alleges that JPMC misrepresented its "ability and willingness to accept mortgage payments and to potentially modify the note"[6] and that it could foreclose without the Note. *See* Pet. ¶ 36. As previously discussed, however, Graves's allegations – for example, that JPMC did not possess both the Note and Deed – do not support the conclusion that JPMC lacked authority to foreclose. Thus, Graves does not show that JPMC's requests for payments or notices of delinquency contained any misrepresentations to support a claim for fraud. The Court therefore dismisses this claim.

### C. Graves Has Not Stated a Wrongful Foreclosure Claim

Under Texas law, a plaintiff must plead three elements to assert a wrongful foreclosure claim: (1) a defect in the foreclosure proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price.

---

[6] Though Graves alludes to JPMC's involvement in the 2012 National Mortgage Settlement, he acknowledges that he does not have a cause of action under that agreement. *See* Resp. 8.

*See Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008, no pet.). "A claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011).

Graves alleges that the foreclosure proceeding was defective because JPMC did not send the statutory notices required by Texas law and the terms of the Deed. *See* Pet. ¶ 38. But Graves does not allege that the selling price was grossly inadequate or that the defective proceedings caused the inadequate price. Even taking Graves's allegations regarding notice as true, the Court finds that Graves does not state a legally sufficient claim for relief. The Court therefore dismisses Graves's claim for wrongful foreclosure.

### *D. Graves Has Not Stated a Wrongful Eviction Claim*

Graves alleges that JPMC's efforts to evict Graves from the property following the foreclosure sale are wrongful because the foreclosure procedure itself was defective. *See* Pet. ¶ 40. Thus, the basis of Graves's claim for wrongful eviction is the same as his wrongful foreclosure claim. Because Graves fails to allege a claim for wrongful foreclosure, Graves cannot allege any facts supporting a wrongful eviction claim. *See Lo Voc v. JP Morgan Chase Bank, NA*, 2012 WL 6772061, at *5 (N.D. Tex. 2012) *report and recommendation adopted*, 2013 WL 67128 (N.D. Tex. 2013). The Court dismisses Graves's claim for wrongful eviction.

### *E. Graves Concedes Trespass Claim*

In his response to JPMC's motion, Graves concedes that he can show no facts to support his claim that JPMC trespassed against the property. *See* Resp. 9. Accordingly, the Court dismisses the claim.

### *F. Graves Is Not Entitled to Declaratory or Injunctive Relief or Damages*

Removal from state to federal court, in effect, converts a state court declaratory judgment action into one under the Declaratory Judgment Act ("DJA"). *See, e.g.*, *Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, at \*5 n.11 (N.D. Tex. 2011); *Morrice Logistics, Ltd. v. Intransit Inc.*, 2011 WL 1327397, at \*4 n.1 (W.D. Tex. 2011). The DJA is a procedural mechanism: it creates no substantive rights. *See Lowe v. Ingalls Shipbldg.*, 723 F.2d 1173, 1179 (5th Cir. 1984); *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41 (1937). For the DJA to provide relief, there must first be a justiciable controversy between the parties. *See Kazmi v. BAC Home Loans Servicing, L.P.*, 2012 WL 629440, at \*15 (E.D. Tex. 2012); *see also Turner*, 2011 WL 3606688, at \*5 (explaining that the DJA is "merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law").

Similarly, to prevail on a claim for injunctive relief in federal court, a plaintiff must show, among other things, "a substantial likelihood of success on the merits" of a separate, substantive claim. *DSC Comm. Corp. v. DGI Techs, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). Because the Court dismisses Graves's claims against JPMC, no actual controversy exists

between the parties that supports the issuance of declaratory or injunctive relief. Graves is thus entitled to neither.

### G.  Graves Is Not Entitled to An Accounting

A plaintiff may request an accounting either as an independent suit in equity or as a remedy "sought in conjunction with another cause of action." *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 817 (N.D. Tex. 2012) (citation omitted). "An equitable accounting is proper when the facts and accounts presented are so complex adequate relief may not be obtained at law." *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717 (Tex. App. – Houston [14th Dist.] 2002, pet. denied) (citations omitted). The decision whether to grant an accounting is within a trial court's discretion. *Sw. Livestock & Trucking Co. v. Dooley*, 884 S.W.2d 805, 809 (Tex. App. – San Antonio 1994, writ denied) (citing *Gifford v. Gabbard*, 305 S.W.2d 668, 672 (Tex. Civ. App. – El Paso 1957, no writ)).

Graves requests an accounting as relief for his claim of wrongful foreclosure. *See* Pet. ¶ 31. But Graves has not shown that the facts and accounts here are so complex that Graves cannot obtain adequate relief at law. For example, Graves has not alleged that the information is unavailable through discovery. *See* JPMC Mot. 19. Accordingly, the Court dismisses Graves's request for an accounting.

## CONCLUSION

For the foregoing reasons, the Court grants JPMC's motion and dismisses Graves's claims. The Court grants Graves leave to file an amended complaint within twenty-one (21) days of the date of this order.

Signed November 26, 2013.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 13